UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY BROSCH,

    Plaintiff,                        Civil Action No. 2:15-11319
v.                                        HONORABLE VICTORIA A. ROBERTS
                                             UNITED STATES DISTRICT COURT
SARA POPE-STARNES, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Tracey Brosch's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. For the reasons that follow, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff was convicted of first and second-degree child abuse in the Oakland County Circuit Court. Plaintiff claims that she was denied a fair trial due to the "pervasive" and "prejudicial misconduct of defendant Sara Pope-Starnes, an assistant prosecutor. Plaintiff also sues David R. Grocyka, the former Oakland County Prosecutor, and Oakland County. Plaintiff seeks monetary damages and other forms of relief.

### IV. Discussion

Plaintiff's complaint is subject to dismissal.

Plaintiff is unable to obtain monetary damages arising from her criminal

conviction absent a showing that her criminal conviction was overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). Because Plaintiff does not allege that her conviction was overturned, expunged, or called into question by a writ of habeas corpus, her allegations relating to her criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

The civil rights complaint is also subject to dismissal to the extent that Plaintiff seeks to have her criminal conviction vacated or set aside. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of

3

his sentence." *Id.*

Plaintiff has a petition for writ of habeas corpus pending in the federal court. *See Brosch v. Warren,* U.S.D.C. No. 2:14-CV-13391 (E.D. Mich.). No decision has been rendered on that case yet. To the extent that Plaintiff seeks release from incarceration, the current action is dismissed for being duplicative of her pending habeas petition. *See Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his or her claims if the conviction or sentence is later invalidated. See *Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). The Court thus dismisses Plaintiff's § 1983 complaint without prejudice. See e.g. *Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the complaint is **DISMISSED WITHOUT PREJUDICE.**

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: April 16, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record and Tracey Brosch by electronic means or U.S. Mail on April 16, 2015.
>
> S/Carol A. Pinegar
> Deputy Clerk